```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

**AFIBAE ALCEDRO HENLEY, SR.,**          ) **D.C. CV. NO. 2009-158**
        Petitioner,                    )
                                       ) Ref: D.C. CR. NO. 2008-054
        v.                             )
                                       )
**UNITED STATES OF AMERICA**,            )
        Respondent.                    )
_____)

## O R D E R

      Petitioner Afibae A. Henley ("Henley") is before the Court on a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure, Rule 56. The Government filed a response in opposition thereto.

      Henley alleges that summary judgment is proper because the Government did not respond to his motion pursuant to 28 U.S.C. § 2255 within the time provided by the Court, and no motion for extension of time was filed. The Government argues, on the other hand, that Henley's motion should be denied because a timely response was indeed filed. The Court agrees with the Government.

      On a summary judgment motion, the moving party must demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56. For the reasons discussed below, Petitioner is not entitled to a judgment as a matter of law.

      On December 16, 2009, this Court entered an order directing the United States to answer Henley's § 2255 motion within sixty

*Henley v. USA*
D.C. CV. NO. 2009-158
Order
Page 2

(60) days of service of process. The U.S. Marshal effectuated service on the United States Attorney's Office on December 29, 2009. The United States filed its opposition to Henley's § 2255 petition on February 26, 2010 -- 59 days after service of process. Accordingly, the United States complied with the Court's Order and responded to the § 2255 motion in a timely manner, therefore, Henley's motion lacks merit.[1]

The Court has viewed the facts in the light most favorable to the non-moving party and made all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d, 265, 267 (3d Cir. 2005). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To demonstrate that no material facts are in dispute, the moving party must show that the non-moving party has failed to establish one or more essential elements of his or her case. *Celotex,* 477 U.S. at 323-24 (1986); *Hugh,* 418 F.3d at 267. Here, Henley has failed to demonstrate that there are no material facts in dispute and that he is entitled to judgment as a matter of law as required by Fed. R. Civ. P. 56(a). Having duly considered the premises, and without reaching the merits of Henley's underlying claims for § 2255 relief, it is hereby

---

[1] Even if the Court were to characterize Henley's motion as a motion for default judgment pursuant to Fed. R. Civ. P. 55, he would not prevail, because default judgments are not appropriate in § 2255 motions. *See, e.g., United States v. Greenslade*, No. 04-405-05, 2009 WL 1507290, at *2 (M.D.Pa. May 28, 2009) (citations omitted).

*Henley v. USA*
D.C. CV. NO. 2009-158
Order
Page 3

      **ORDERED** that Henley's motion for summary judgment is denied.

                                    **E N T E R:**

                            /s/ CURTIS V. GÓMEZ
                            _____
                            **CURTIS V. GÓMEZ**
                            **CHIEF JUDGE**

**Copies to:**
    United States Attorney
    Afibae Alcedro Henley, Sr. #02718-094, F.C.I. Miami, P.O. Box 779800, Miami, FL 33177(Please Mark: "LEGAL MAIL")