### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **D.C. CV. NO. 2009-158** |
| Plaintiff/Respondent, ) | |
| ) | Ref: D.C. CR. NO. 2008-054 |
| v. ) | |
| ) | |
| **AFIBAE ALCEDRO HENLEY, SR.,** ) | |
| Defendant/Petitioner. ) | |
| ──────────────────────────── ) | |

**APPEARANCES:**

**Jason T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, U.S. Virgin Islands
    *For the United States of America*,

**Afibae Alcedro Henley, Sr.**
Register No. 02718-094
    *Pro se Petitioner*.

### MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court for consideration is Petitioner Afibae A. Henley's ("Henley") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 33). Respondent, the United States of America ("the Government"), opposes Henley's motion. (*See* ECF No. 40.)

### I.   FACTS AND PROCEDURAL BACKGROUND

As the parties are familiar with the underlying facts of this case, only those facts relevant to this discussion will be recited. Henley pleaded guilty on December 17, 2008 to Count One, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Henley

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 2

was sentenced to a 27 month term of imprisonment, three (3) years supervised release, and a $100 special assessment. Henley did not appeal his sentence.

Henley filed the instant § 2255 motion on October 27, 2009 (ECF No. 33). In his motion, Henley argues that his sentence was unreasonable because this Court improperly treated the recommended United States Sentencing Guidelines (the "Guidelines") sentence as mandatory rather than advisory, and failed to adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a). He specifically alleges that the Court failed to consider his community involvement and achievements as presented in the Presentence Report ("PSR"). Bringing these claims within the realm of an ineffective assistance of counsel claim, Henley argues that if his trial counsel had included these points about his community involvement in his colloquy, the Court may have imposed a lower sentence. (ECF No. 33, § 2255 Mot. at 3.) The Government argues, on the other hand, that Henley waived his challenge to the sentence calculation and he did not receive ineffective assistance of counsel.

## II.    DISCUSSION

### A.    Standards of Review

A writ of habeas corpus is an extraordinary form of relief and is granted only to remedy constitutional error. *See Brecht v. Abrahamson*, 507 U.S. 619, 623, 633-34 (1993). As such, a petitioner seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 motion must establish that there was an error of a constitutional magnitude which had a "substantial and injurious effect or influence" on the proceedings. *See Fry v. Pliler, 551 U.S.*

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 3

112, 116 (2007); see also *Mota v. United States*, CV. No. 2004-071, 2009 WL 1468472, at *1 (D.V.I. May 26, 2009). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979).

    B.  **Need for an Evidentiary Hearing**

A district court must hold an evidentiary hearing on a § 2255 motion when the files and records of the case do not conclusively show that the petitioner is not entitled to relief. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (citing *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (holding that where a petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact, a § 2255 motion can be dismissed without a hearing)); *United States v. Dawson*, 857 F.2d 923 (3d Cir. 1988) (articulating the standard in determining when a movant is entitled to an evidentiary hearing); *see also* Rules Governing § 2255 Proceedings, Rule 8(a). Because the record in this case conclusively shows that the Henley is not entitled to relief, an evidentiary hearing is not required. *See Cherys v. United States*, 405 F. App'x 589, 591 (3d Cir. 2011) (quoting *McCoy*, 410 F.3d at 131) (iterating the standard set forth in *Dawson* and *McCoy* that if petitioner alleges any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court was obliged to follow the statutory mandate to hold an evidentiary hearing"); *see also United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 4

### C. Henley's Challenge to the Sentence Calculation

Henley now argues that this Court "relied exclusively on the government's recommendation of 27 months and simply presumed this sentence was reasonable." (ECF No. 33, § 2255 Mot. at 3.) That is, the Court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) which would have allowed for consideration of his community service, and ultimately, a lower sentence.

The Government argues: (1) that Henley's time to file a direct appeal has expired; (2) that the failure to raise a Guidelines issue on direct appeal resulted in a waiver; (3) that Henley's plea agreement included a waiver of the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined; (4) that Henley's challenge to his sentence could only be raised in this collateral attack if he could show both good cause and prejudice for the procedural default or actual innocence, and he had failed to do so.

The Government is correct. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' for the failure to comply with the procedural requirement and that actual 'prejudice' would result from the alleged constitutional violation, or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Jenkins v. United States*, 333 F.3d 151, 155 (3d Cir. 2003); *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 5

resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (internal citations omitted). Henley's plea agreement states in relevant part:

> The parties understand and agree that the defendant will be sentenced in accordance with the United States Sentencing Guidelines which are advisory to the Court. . . . The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties.
>
> . . . .
>
> e. <u>Criminal History Category</u>. Based on information available at this time, the government believes that the defendant's criminal history category is II.
>
> f. <u>Guideline Range</u>. If the offense level is 20, and the criminal history category is II, the Sentencing Guidelines range is 37-46 months imprisonment. If the offense level is reduced by 3 levels for acceptance of responsibility, then the Sentencing Guidelines range is 27-33 months imprisonment.
>
> . . . .
>
> k. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(b) or an any ground whatever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).
>
> . . . .
>
> c. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) . . . .

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 6

(ECF No. 19, Plea Agreement at 5-7 (underline in original).) Title 18 U.S.C. § 3742 provides in relevant part that:

> In the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure--
>
> (1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement . . . .

18 U.S.C. § 3742(c)(1).[1]

The Court finds that Henley's sentence was below the maximum provided in the statute(s) of conviction; was, indeed, at the low end of the advisory Guidelines range; and was well within the terms of his plea agreement. Henley does not claim that his waiver of the right to appeal or collaterally attack a sentence within the maximum Guidelines range was entered into unknowingly and involuntarily, and that enforcing the waiver would work a miscarriage of justice. *See United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008) (holding that defendant

---

[1] In 2002, Rule 11(e)(1)(C) was restyled and recodified as Rule 11(c)(1)(C). *See United States v. Cobb*, 584 F.3d 979, 986 n.1 (10th Cir. 2009). Rule 11(c)(1) of the Federal Rules of Criminal Procedure sets forth the pertinent plea agreement procedure as follows:

> If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
> . . . .
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C).

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 7

bears the burden of presenting an argument that would render his waiver unknowing or involuntary). Moreover, Henley has failed to demonstrate either cause for his default and that prejudice would result from the alleged constitutional violation, or that he is actually innocent. Thus, Henley's waiver of his right to challenge any sentence within the maximum Guidelines range is valid and will be enforced by this Court.

### D. Ineffective Assistance of Counsel

Construing Henley's *pro se* § 2255 motion liberally as is appropriate under *Haines v. Kerner*, 404 U.S. 519 (1972), it appears to assert a Sixth Amendment claim of ineffective assistance of counsel with respect to his counsel's representation at sentencing. Henley alleges that his counsel, Jesse Gessin, AFPD ("Gessin"), failed to adequately bring his background of community service to the court's attention during sentencing. (ECF No. 33, § 2255 Mot. at 3-4.) Henley further alleges that "had counsel of the record presented in his 'colloquy' before the sentencing court on April 15, 2009 . . . the sentencing court would have been in a position in taken [sic] judicial notice and impose as [sic] sentence of a kind below 27 months . . . ." (*Id.*) There is no procedural default for failure to raise an ineffective assistance claim on direct appeal. *Massaro,* 538 U.S. at 503-04.

A claim of ineffective assistance of counsel is analyzed pursuant to the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. The Court must review a petitioner's claim under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner]

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 8

must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 688.  Second, the petitioner must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue.  *Id.* at 694-95.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at 686, 104 S.Ct. 2052.  The Court, being mindful of Henley's *pro se* status, construed his motion with exceptional latitude.

The record indicates that counsel did in fact present a lengthy colloquy of Henley's characteristics, as follows:

> MR. GESSIN: Your Honor, we move on to the history and characteristics of the defendant.
>     Mr. Henley immediately accepted responsibility and made a full accounting of his actions.  He was fully truthful and fully candid in his discussions with the police.
>     In the year since, as I said, he was a -- continuously employed as baseball coach, head of a nonprofit organization, and has taken -- and has been involved in various community outreach programs involving children.  He also received a certification in certain trade skills which he practices today.
>     Your Honor, this gentleman had a very difficult life growing up . . . not to excuse or justify Mr. Henley's actions, but to give context to his rationale and his thoughts.
>     Today, he supports three children.  He works continuously and he works very hard, and he does – he tries to give back to children that he -- in a way that he didn't have when he was growing up. . . .
>     Your Honor, under 3553(a), the Court also must consider the kinds of sentencings available. . . .
>     Your Honor, at this time, we ask, we pray on the Court that the Court grant Mr. Henley a variance, given the nature and circumstances of the offense, and the history and characteristics of the defendant, that the Court grant him a sentence of probation, remit any special assessment and dismiss the remaining counts.

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 9

(ECF No. 39, Sentencing Tr. at 8-10.) Thereafter, the Court inquired whether Henley wished to make a statement, and he did so, taking full responsibility for the charges against him and asking the Court for leniency. (*Id*. at 11.)

After liberally construing the instant § 2255 motion, the Court concludes that Henley has failed to satisfy the first prong of *Strickland*. The Court finds that: Henley has failed to show how Gessin's representation was unreasonable, and thus, constitutionally inefficient; Henley acknowledges that the Presentence Report ("PSR") outlines his background, community service, and characteristics; and Gessin adequately presented a lengthy colloquy of Henley's background and service to the community. Having found that Gessin did not act in a professionally unreasonable manner, and quite efficiently represented Henley at sentencing, the Court need not proceed to an analysis of the second *Strickland* prong. *See Boyd v. Waymart*, 579 F.3d 330, 376-77 (3d Cir. 2009) ("It is axiomatic that, to succeed on an ineffective assistance of counsel claim, a petitioner must establish both prongs of the test enunciated by the Supreme Court in *Strickland*.").

### III. CONCLUSION

For the reasons stated, the Court will deny Henley's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2255(c)(2). There being no "substantial showing" that Henley's constitutional rights were violated, a certificate of appealability will not be issued. *See United States v.*

*United States v. Henley*
D.C. CV. No. 2009-158
D.C. CR. No. 2008-054
Memorandum Opinion
Page 10

*Eyer,* 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011).  An appropriate order follows.

                                                             **ENTER:**

                                              /s/ Curtis V. Gómez
                                              _____
                                              **CURTIS V. GÓMEZ**
                                              **CHIEF JUDGE**